OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction after a trial by jury and sentencing under R.C. § 4511.19(A)(1) subsequent to a denial of a motion to suppress appellant's arrest and the field sobriety tests.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On April 27, 2002 appellant was observed by Deputy David Shaffer operating his vehicle northbound on Main Street in Fredericktown. Appellant was observed sitting at a flashing yellow caution light for 20 to 30 seconds before proceeding through an intersection. Appellant then was observed driving left of center twice by one to two feet around a curve and then over-correcting in the other direction and almost striking the guardrail. At this time, Deputy Shaffer signaled to Appellant to pull over. Appellant activated his left turn signal and then pulled off to the right side of the road.
{¶ 3} Upon stopping appellant's vehicle, Deputy Shaffer, who was by this time also accompanied by a Fredericktown patrolman, noticed that Appellant had bloodshot and glassy eyes. Upon inquiry, Appellant admitting to consuming five beers that evening.
{¶ 4} Deputy Shaffer next administered a Horizontal Gaze Nystagmus test (HGN), a walk and turn test and one-leg stand test to Appellant. The deputy observed one clue on the one leg stand test, six clues on the walk and turn test, and all six clues were found with regard to the HGN test.
{¶ 5} Appellant was arrested and charged with a OMVI, in violation of R.C. § 4511.19(A)(1). Appellant was then transported to the Knox Count Sheriff's office where he refused to submit to a breath test.
{¶ 6} Appellant entered a plea of not guilty to the charge.
{¶ 7} On September 3, 2002, Appellant filed a Motion for Pre-Trial Hearing to Determine Authenticity and Admissibility of Defense Exhibits pursuant to Crim. R. 12. Said motion related to three studies concerning standardized field sobriety testing commissioned by and published by the U.S. Highway Safety Administration. The State would not stipulate to the admissibility of such studies.
{¶ 8} Following the hearing on said Motion, the trial court, by Entry filed October 16, 2002, denied Appellant's motion and the admissibility of the three studies. The trial court again denied same upon the filing by Appellant of a Motion for Reconsideration on November 15, 2002.
{¶ 9} On April 3, 2003, a jury trial commenced in this matter. The jury returned a verdict of guilty. This was appellant's third DUI conviction.
{¶ 10} Appellant proffered the studies outside of the presence of the jury and the trial court denied admission of same into evidence.
{¶ 11} The trial court sentenced Appellant to 360 days in jail with 160 days suspended.
{¶ 12} Appellant now appeals his conviction and sentence, assigning the following error for review:
 ASSIGNMENT OF ERROR
{¶ 13} "I. The lower court erred in refusing to admit into evidence at trial three scientific studies (exhibits f, g and h) relating to the reliability/unreliability of field sobriety tests."
 I.
{¶ 14} Appellant argues that the trial court erred in not allowing the three studies to be admitted into evidence at trial. We disagree.
{¶ 15} The standard of review for the admission of evidence is abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140.
{¶ 16} The studies which are the subject of this appeal are included in the reference materials used by the NHTSA in its study "DWI Detection and Standardized Field Sobriety Testing, Student Manual, published in 2000, which establishes the testing requirements which must be followed by investigating officers for the results of a field sobriety test to serve as evidence of probable cause to arrest driver for driving under the influence. State v. Homan, 89 Ohio St.3d 421, 2000-Ohio-212. Two of the three studies are over eighty (80) pages long and contain graphs, charts and mathematical equations. Appellant requested that the trial court admit these studies without an expert from the NHTSA to interpret or explains such studies.
{¶ 17} The trial court, in its October 16, 2002 Entry denying appellant's motion for admissibility of the studies stated:
{¶ 18} "The Court finds that to grant the Defendant's motion to admit the three studies into evidence would confuse the jury and would not provide them with the most current and authoritative studies on the issue of field sobriety testing."
{¶ 19} In its November 26, 2003 Entry denying Appellant's Motion to Reconsider, the trial court again stated:
{¶ 20} "The Court finds that to admit a portion of the studies into evidence will cause undue confusion for the jury."
{¶ 21} The test for relevance is set forth in Evid.R. 401:
{¶ 22} "Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable then it would be without the evidence."
{¶ 23} However, the trial court may exclude relevant evidence under Evid.R. 403(A) which states:
{¶ 24} "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury."
{¶ 25} Upon review, based on the voluminous nature of the studies and the lack of any accompanying interpretation or explanation, we cannot say that the trial court therefore acted arbitrarily, unreasonably, or unconscionably in refusing to admit the studies into evidence on the ground that any probative value was substantially outweighed by the danger that such might confuse the jury.
{¶ 26} Appellant's sole Assignment of Error is overruled.
{¶ 27} The decision of the Mount Vernon Municipal Court is affirmed.
Boggins, J., Gwin, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mount Vernon Municipal Court, Knox County, Ohio, is affirmed. Costs assessed to appellant.